Richardson, J.
delivered the opinion of the Court.
We need not decide finally whether Daniel Boon, a party interested in the sale of the land, was a proper person to serve the summons on the defendant to appear before the Ordinary; if the objection had been made before the decree to sell the land.
The facts are, that D. Boon did serve the summons — that Jacob Horn appeared and objected, not to the manner of the summons, but because he had'purchased the land of some of the heirs of Geo. Horn, the intestate freeholder. But the Ordinary ordered the sale, and the plaintiff, Marcus Upson, purchased the land at the public sale, made by the sheriff under the Ordinary’s decree, and'took a conveyance accordingly.
The question then occurs — does not such conveyance assure the land to Upson ? or, will the Court look behind the Ordinary’s decree, and hold it null and void 1 and, thereby, invalidate the title of Upson, on account of the irregular service of the original summons by D. Boon; though not objected to at the time of the decree; i. e. can the objection enure to set aside the purchase at this late day ?
In the case of Lyles v. Robinson, the Court decided that where a sum of money had been decreed by the Ordinary against the administrator, on his bond, he could not deny that he had been duly cited. In that case, on a collateral motion, made in a suit to recover the money, the Court held such decree final and conclusive, and the irregularity cured. Assuredly, then, and much less, will this Court lift the decision of the Ordinary; when it has been carried into effect, by the actual sale of the land, as in the present case; unless the irregularity be positively fatal. Non dormientibus subvenient leges, would seem the proper reply. In the case of Henry v. Ferguson, the Court unanimously held that, in a sale of land by the sheriff, they would not look beyond the judgment for irregularities. They considered the judgment authoritative, as long as it stood unreversed. Among several of our own cases, bearing on this point, see Barkley v. Scriven, where the Court say, “ the purchaser is not required to look into the regularity of the proceedings in obtaining the judgment.” So, also, the sale of the land, in the recent case of Ingram v. Belk, was upheld, although there was irregularity in the original writ of sci. fa. under which the land was sold. And in the more recent case of Sherman v. Barrett, the Court of Errors refused to look beyond the judgment from which is *111 sued the process of contempt. In that case, as in the one now before the Court, the party to the proceedings moved to have them set aside, after the judgment had been obtained. —
l Bail 267.
In such cases the party having omitted to object to the supposed irregularity, when he might have objected, leaves a just inference that he acquiesced in the manner of such proceedings ; and, therefore, all objections prior to the judgment, were concluded. Is it not plain, that if such untimely objections were upheld, judgment would no longer be the final res judicata, which estops further litigation ; and reviews or new trials might be had by the device of wilful omissions of unessential points at the proper opportunity? The motion on the circuit, in the present case, went to overturn the entire decree. If it prevailed, the Ordinary would have to proceed de novo, and make another decree. Whereas constitutionally and legally, the judgment of every Court, within its jurisdiction, is res judicata. The case of Samuel Singletary v. Geo. Carter, is one of the adjudications relied upon to warrant the Circuit decision : and it will serve well to illustrate the distinction before us. John D. Singletary and Samuel Singletary had obtained judgment against George Carter. John D. Singletary was a deputy sheriff; he levied upon Carter’s land — sold it, and his co-plaintiff, Samuel Singletary, purchased ; and the Court held the sale absolutely null and void, because the levy had been made by a deputy sheriff, who was one plaintiff, and the other plaintiff bought the land. — The point of the argument from this case, is that D. Boon’s service of the summons is no better than Singletary’s levy on Carter’s land. Doubtless the adjudication in Singletary v. Carter, was sound and legal. It is wise to restrain officers from proceeding to have their own judgments satisfied through their own official levy, and by a consequent purchase by themselves. But the objection was not, as in the present case, to the judgment against Carter; it was to the subsequent levy and sale of Carter’s land. Such posterior proceedings were no part of the original res judicata, and were never before the Court till the trial to decide the title of Samuel Singletary. It therefore remains to be adjudged, (if the sales had been regular, and only the original writ against Carter, served by the plaintiff, J. D. Singletary,) whether the judgment would have been set aside by reason of such stale objection to the service of the writ. The distinction is obvious; and notwithstanding the general strictures in Singletary and Carter, it may be questionable whether a judgment of record would be set aside upon the mere fact that an interested deputy sheriff had served the original writ. The cases I first cited, indicate very differently; at least after judgment. And see Chit. G. P. p. 262, and many cases cited to shew the contrary, even if the objection had been taken before *112 the judgment. Any one may serve a process. But such are por our present consideration. To conclude, then, the distinction recognized in the cases I have first cited, is between irregularities in obtaining the judgment, which are concluded, ipso facto, i. e. by the rendition of the judgment; and such irregularities as occur after the judgment, which could not have been before considered. This was Singleta-W’s case ; and be it conceded that that case has some general dicta bearing upon the one before the Court. But the adjudication proper of that case, rests upon legal principles, admissible in this case only if D. Boon’s agency had occurred after instead of before the Ordinary’s decree. A new trial is therefore ordered. I would not have dwelt upon the distinc-^on uPon which the case turns, and which seems to speak for itself, but because of similar attempts made to set aside former proceedings, and in this way to force a rehearing; and because all the Court may not have felt as fully as myself, the principle of judicial estoppels to past litigation, after judgment.
°w‘ 4 J?’ 2R?593- i Bin. 145 • i Bail. 448; 3 strob. Tidd. 88; 2 Ñ. &McC.25; Plow.a,76 a.
O’Neall, J. and Evans, J. concurred.

Motion granted.